IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan Lucas, et. al. )<br>   Plaintiffs )<br>)<br>vs. )<br>)<br>David Gadis )<br>   Defendant )<br>) | Civil Action No.1: 22-cv-00677 |

**SUPPLEMENT TO PLAINTIFFS' MEMEORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF THE MOTION
FOR A PRELIMINARY INJUNCTION**

Plaintiffs Lucas, Copeland, Ball, American Federation of Government Employees AFL-CIO Local 631 (Local 631) and American Federation of Government Employees AFL-CIO Local 872 (Local 872), file this supplement to Plaintiffs' Memorandum of Points and Authorities in Support of the Motion for a Preliminary Injunction.

**Standard for Preliminary Injunction**

A preliminary injunction is granted to preserve the status quo of the parties until a decision can be reached on the merits.  A preliminary injunction may be granted when a party, "shows he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor; and an injunction is in the public interest," *Winter v. National Res. Def. Council, Inc,* 555U.S. 7, 20-1 (2008).   A party need not show irreparable harm is a certainty, *id.*  In reaching a decision on a preliminary injunction, the court must "balance the competing claims of injury" and "consider the effect of withholding or granting the relief on each party," *id.* at 24.

In this case, a preliminary injunction is warranted to preserve the status quo of the parties.  The plaintiffs challenge the Authority's imposition of a vaccination requirement.  As pointed out

in *Federal Employees for Medical Freedom v. Biden, Slip Op. at 9,* No. 3:21-cv-356, (S.D. Tex Jan. 21, 2022) and *Sambrano, et. al. v. United Airlines,* No. 21-11159, *Slip Op. at 16-21* (5th Cir. Feb. 17, 2022), the plaintiffs would be forced to make a decision to be vaccinated, which could not be reversed.  The harm to the plaintiffs is irreparable, since no relief could be granted which would reverse a vaccination.  The plaintiffs are likely to succeed on the merits.  The Authority has no statutory or regulatory authority to impose a medical procedure on its employees.  The Authority's assertion the vaccination is for the health and safety of its workforce does not withstand scrutiny.  The vaccine does not prevent an individual from getting COVID-19.  Protection of the workforce is possible in ways which do not infringe on an individual's rights to liberty and freedom of religion.  Plaintiffs worked for two years without a vaccine or testing.  The defendant has not alleged any burden on its operations, which would occur if the plaintiffs are not vaccinated.  In fact, the defendant has alleged no injury it would suffer by permitting the plaintiffs to continue in employment, without a vaccination.  In addition, the alternative of testing employees is available for individuals who are not vaccinated.  The defendant currently is permitting testing of persons who are granted an exemption from vaccination.

The plaintiffs meet the standard for the grant of a preliminary injunction.

**The Water and Sewer Authority is An Independent Agency Established By Congress**

The D.C. Water and Sewer Authority (Authority) was established as an independent agency of the District of Columbia, subject to all laws applicable to offices, agencies and instrumentalities of the District government, D.C. Code § 34-2202.02(a)-(b) (2016 Repl.). *Dingwall v. D.C. Water and Sewer Authority*, 766 A.2d. 974, 978, 980 (D.C. 2001) reviewed the legislative history of the Authority and held the Authority is a separate entity from the District of Columbia, subject to duties and obligations of the laws of the District.  *Dingwall* held  the

statute, establishing the Authority, defines the Authority's powers.  The Authority has no duty to regulate public health and take actions in public emergencies; because such acts are reserved to the D.C. Council and the Mayor, D.C. Code § 7-101, §7-2202, and §7-2304 (2016 Repl.).  The Authority must assure its actions comply, with all laws applicable to the government of the District of Columbia, including the protections guaranteed by the Constitution and the Fourteenth Amendment.

   The Authority's assertion, the requirement is imposed to maintain the health and safety of its workplace, does not withstand constitutional scrutiny.  The vaccination requirement is a public health measure, which is not supported by any statutory or regulatory authority.  The vaccination requirement, issued in this case, came well after the District of Columbia coronavirus emergency expired.  The plaintiffs worked for two years, without any medical restrictions or procedures being required for Authority employees.  The Authority has asserted no occupational relationship between the coronavirus vaccination and any duties which the plaintiffs Lucas, Ball, and Copeland perform.

**The Government May Not Interfere With Religious Expression**

*Employment Division, Dept. of Human Resources v. Smith,* 494 U.S. 872, 875-8 (1990) held the government may not compel affirmation of religious beliefs or punish the expression of religious beliefs, the government believes are false.  Plaintiff Copeland in this case was denied a religious exemption.  His claim is not moot, because the denial of his application is an interference with his affirmed religious beliefs.  Mr. Copeland submitted an application for a religious exemption and the facts show Mr. Copeland's application was denied, without any stated reason.  The defendant asserts because Mr. Copeland was reinstated to his job, the issue is moot.  However, as *Smith, id.*, makes clear, the First Amendment excludes all governmental regulation of religious

beliefs.  The defendant's effort, to determine whether Mr. Copeland's belief is sincere or impose its view on his statements of religious expression, is a violation of his rights.  The defendant is a governmental entity and it may not compel affirmation of a religious belief.  The defendant is not relying on any statutory or regulatory authority for grant or denial of a religious exemption.  The defendant merely denied the request, without any stated reason.  Even if the defendant had stated a reason, it is questionable whether the defendant could deny an individual's application, which is supported by a statement of the individual's religious beliefs.

   Mr. Copeland's claim is not moot, because the initial application was denied and the pending appeal has not been granted. The issue before the Court is whether the defendant may require an employee to be vaccinated, when the employee has professed the vaccination is against their religious belief.  As stated in *Sambrano,* at 21, the issue is not merely lost wages, but whether an employee is being coerced to "contravene their religious convictions or lose pay indefinitely."

   Mr. Copeland's claim is not moot and a preliminary injunction should be granted to determine if the defendant's denial of Mr. Copeland's application for religious exemption violated his right to freedom of religion.

## Conclusion

For the reasons stated herein and based upon the record in this matter, plaintiffs respectfully request the court grant a preliminary injunction, until the conclusion of a trial on the merits in this matter.

## Certificate of Service

The foregoing Supplement to Plaintiffs' Memorandum of Points and Authorities in support of the Motion for a Preliminary Injunction was served upon counsel for the defendant, D. C Water and Sewer Authority, through the court's electronic filing system, addressed:

>Jacquelyn L. Thompson, Esq.
>Ford Harrison LLP
>1300 19th Street, N.W. Suite 420
>Washington, D.C. 20036
>Email: jthompson@fordharrsion.com

This 25th day of March 2022                       /s/Barbara B. Hutchinson
                                                  Barbara B. Hutchinson