IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN LUCAS, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, *et al.*,<br><br>      Defendants. | CIVIL ACTION NO. 1:22-cv-00677 |

**DEFENDANT DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR A <u>PRELIMINARY INJUNCTION</u>**

Pursuant to the Court's Minute Order, dated March 22, 2022, Defendant District of Columbia Water and Sewer Authority ("DC Water") hereby submits this Supplemental Brief supporting its opposition to Plaintiffs John Lucas ("Lucas"), Sherman Copeland ("Copeland"), Clarence William Ball, Sr. ("Ball"), the American Federation of Government Employees, AFL-CIO Local 631 ("Local 631"), and the American Federation of Government Employees, and AFL-CIO, Local 872's ("Local 872") (collectively "Plaintiffs") Motion For a Preliminary Injunction ("Motion").

**I.    DC Water Is A State Actor for the Purposes of a Section 1983 Claim**

To state a claim under 42 U.S.C. § 1983 (Section 1983), "a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Miller v. D.C. Water and Sewer Authority*, No. 17-cv-0840, 2018 WL 4762261, at *12 (D.D.C. Oct. 02, 2018) (citations omitted). DC Water is defined by statute as an "independent authority of the District government [having] a separate legal existence within the District government[;]" rendering it a quasi-state

1

agency. D.C. Code Ann. § 34-2202.02(a); *Harding-Wright v. District of Columbia Water and Sewer Authority*, No. 04-00558 (HHK), 2016 WL 4211773, at *8 (D.D.C. Apr. 14, 2016) (discussing DC Water's status as separate entity from the District of Columbia, that can be sued in its own right). As such, Section 1983 applies to DC Water. *See Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005) ("Courts generally treat" the "under color of law" test for § 1983 claims "as the same thing as the 'state action' required under the Fourteenth Amendment"). It is important to note DC Water's status as a quasi-state agency does not automatically establish or imply liability under the facts presented. *See Miller*, at *13 ("But the mere fact that [DC Water] is a state agency (even if true) does not establish that [DC Water] was acting under color of state law when it allegedly violated Plaintiffs' civil rights.").

**II.     Plaintiffs Have Not Met the Standard for Irreparable Harm**.

As articulated in DC Waters' Opposition to Plaintiff's Motion for Preliminary Injunction, the standard for irreparable harm set by the D.C. Circuit is a high bar, and Plaintiffs' alleged injuries fall short. It is well-established that a plaintiff bears a "'considerable burden' to establish irreparable harm." *Nat'l Federation of the Blind, et al. v. Saul*, No. 20-cv-1160 (TSC), 2020 WL 4201637, at *3 (D.D.C. Jul. 20, 2020) (quoting *Power Mobility Coal. v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005)). To be irreparable, the harm must be "'certain and great,' 'actual and not theoretical,' … so 'imminen[t] that there is a clear and present need for equitable relief to prevent irreparable harm[,]'" and "beyond remediation." *See Chaplaincy of Full Gospel Churches v. England,* 454 F.3d 290, 297 (D.C. Cir. 2006). The plaintiff must show "the alleged harm will directly result from the action which the [plaintiff] seeks to enjoin," as "the court must decide whether the harm will *in fact* occur[ ]." *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

District of Columbia courts have consistently rejected the "'possibility' standard [as] too lenient," requiring the plaintiff to demonstrate "irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 22 (2008); *see also Wis. Gas. Co.*, 758 F.2d at 674 (holding "bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur," and whether "the alleged harm will directly" flow from the occurrence movant seeks to compel or enjoin[.]"). Here, Plaintiffs not only have no irreparable harm, they also have little likelihood of succeeding on the merits.

Moreover, Plaintiff Copeland, the lone plaintiff who requested a religious accommodation, fails to adequately allege harm because his religious accommodation request is currently under review. Plaintiff argues there is a potential for future harm, should his religious accommodation appeal be denied. However, the potential for harm is far too theoretical for a preliminary injunction analysis. *See e.g., Winter* 555 U.S. at 22 ("A mere possibility of irreparable harm is not enough[.]"). At present, Plaintiff Copeland is actively employed in his role as a Water Service Worker 8-CDL while he awaits a decision on his religious accommodation request. Therefore, Plaintiff Copeland's expression of religious freedom has not been obstructed, and he has no loss for this court to address.

Finally, courts have denied motions of preliminary injunction on the basis a vaccine requirement does not offend an employee's liberty interest and employers have a right to set conditions of employment. *See e.g., Beckerich v. St. Elizabeth Medical Center*, No. 21-105-DLB-EBA, 2021 WL 4398027, at *9 (E.D. Ky. Sep. 24, 2021) ("If an employee believes his or her individual liberties are more important than legally permissible conditions on his or her employment, that employee can and should choose to exercise another individual liberty, no less significant – the right to seek other employment."); *Anderson v. United Airlines, Inc.*, No. , 2021

WL 6337144 (M.D. Fla. Dec. 30, 2021) (holding potential economic harm to employees, while regrettable, "does not constitute irreparable harm sufficient to require" an injunction); *Romano v. Blue Cross Blue Shield of Michigan*, No. 2:21-cv-12966, 2022 WL 19188, at *4 (E.D. Mich. Jan. 3, 2022) (denying preliminary injunction based upon "impossible choice" as an irreparable injury); *Brox v. Hole*, No. 22-10242-RGS, 2022 WL 715566, at * 6 (D. Mass. Mar. 10, 2022) (holding that vaccine requirements are a common occurrence and "[t]he danger to the public is not the vaccine but persons who, like the plaintiffs, insist on behaviors that endanger all those with whom they have contact."). Accordingly, there is no basis for a preliminary injunction in this matter.

### III. Plaintiffs Rely on Inapposite Case Law.

Plaintiffs assert in their reply brief (ECF No. 10) the alleged irreparable harm is not only economic but includes damage to Plaintiffs' liberty interest and expression of religious freedom. Pls.' Reply at 1. In support, Plaintiffs rely on *Feds for Medical Freedom v. Biden*, No. 3:21-cv-356, 2022 WL 188329 (S.D. Tex Jan. 21, 2022). This case is distinguishable from the instant matter because the central question for examination there was whether President Biden had the authority to mandate by executive order "that all federal employees consent to vaccination against COVID-19 or lose their jobs." *Id.* at *1. The U.S. District Court for the Southern District of Texas in *Feds for Medical Freedom* expressly stated the primary function of the case was to determine whether the President can *unilaterally* require "federal employees to undergo a medical procedure as a condition of their employment[,]" not whether the vaccine mandate, itself, is lawful. *Id.* The Court concluded the President's mandate was outside the bounds of his authority to regulate the federal workforce. *Id.* at *6. This case is inapposite, because Plaintiffs' allegations question the lawfulness of DC Water's vaccination requirement, not the breadth of power vested to the President.

4

Plaintiffs also contend *Sambrano, et. al. v. United Airlines, Inc.,* No. 21-11159, 2022 WL 486610 (5th Cir. Feb. 17, 2022)[1] is instructive regarding an individual's right to religious expression.[2] Pls.' Reply at 2. However, *Sambrano* is distinguishable on a few bases. First, the *Sambrano* court opined, at the outset, that "we do not decide whether United or any other entity may impose a vaccine mandate." *Id.* at *1. The court did not expressly state whether the imposition of a vaccine mandate was unlawful outright, rather it examined the narrow question of whether United's policy, which scrutinized religious accommodation requests, was permissible. *Id.* at *2-3. The Fifth Circuit's finding of irreparable injury in *Sambrano* was based upon the Court's understanding that United employees' loss of pay and benefits for non-compliance with the vaccination requirement was effective immediately. *Id.* at *2-3. Secondly, the court took issue with the lack of uniformity in United's vaccination mandate by permitting certain employees to work pursuant to masking and testing protocols or transferring some employees to different positions not requiring vaccination. *Id.* DC Water's vaccination requirement is uniform and applicable across all departments and roles. *See* ECF No. 7, Def. Opp. at 14.

Moreover, the claims asserted in *Sambrano* were based upon alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). *Id.* at *2. Here, Plaintiffs allege constitutional due process claims which require a substantially different set of factors and standard of review. Plaintiffs have not sufficiently demonstrated how their liberty interests or religious freedoms will be damaged in a manner necessitating the court's intervention. It is evident Plaintiffs' have failed to show any irreparable harm, and their preliminary injunction must be denied. *See e.g., Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205,

---

[1] DC Water notes that this is an unpublished opinion with no precedential, or even instructive, value.

[2] The only Plaintiff who makes an arguable religious expression argument is Mr. Copeland, whose claim is moot while his religious accommodation appeal is pending.

1210–11 (D.C. Cir. 1989).

Plaintiffs also assert the basis for DC Water's vaccination requirement has been rejected by case law. In support, Plaintiffs state the U.S. Supreme Court in *Nat'l Federation of Indep. Business, et al. v. Dept. of Labor Occupational Health and Safety Admin., et al.*, 142 S. Ct. 661 (2022) (hereinafter, "*NFIB*") "rejected general claims of protecting the workplace, as a basis for imposing a vaccine mandate." ECF No. 10, Pls.' Reply at 3. Plaintiffs' reliance on *NFIB* is misguided as their conclusion misstates the Court's analysis. The Supreme Court did not discuss Plaintiffs' assertion at all; instead, the Court opined in *NFIB* that the Occupational Safety and Health Administration's vaccine mandate exceeded its statutory authority and was thereby unlawful because the Occupational Safety and Health Act "empowers the Secretary to set *workplace* safety standards, not broad public health measures." *Id.* at 662-63.

The entire premise of *NFIB* relates to an overreach of governmental authority to regulate private citizens and general public health. *See id.* at 665. Like the court in *Feds for Medical Freedom*, the Supreme Court in *NFIB* similarly analyzed the breadth of federal agency authority to create sweeping, unilateral decisions for the Nation's work force. Importantly, the Supreme Court did not opine as to whether private employers (which DC Water is deemed) or other non-federal entities have authority to implement vaccine mandates, as is the central issue here. Nonetheless, the public policy interest in taking steps to ensure the safety of these workers is paramount.

**IV.    There Is an Enhanced Public Policy Interest in Ensuring the Safety of Essential Workers.**

A central theme throughout this pandemic has been the safety of essential workers, for their own benefit and to benefit the community at large. DC Water has designated Plaintiffs' positions as essential even before the pandemic due to the critical function these roles serve in allowing DC

6

Water to provide essential services to our ratepayers and the community. The Centers for Disease Control and Prevention ("CDC") defines "essential workers" as "those who conduct a range of operations and services in industries that are essential to ensure the continuity of critical functions in the United States."[3] The CDC compiled an exhaustive list classifying worker populations at the outset of the pandemic in an effort to identify and allocate the COVID-19 vaccine supply to essential workers, which includes those involved in the administration of water resource and solid waste management programs, like Plaintiffs.

DC Water is undeniably essential infrastructure. District of Columbia Mayor Muriel Bowser made this clear at the height of the pandemic when essential infrastructure was allowed to remain open. Mayor Bowser issued an order defining essential infrastructure as "public works, such as roads, sidewalks, street lighting, traffic control devices, railways, and government facilities; utilities, such as electricity, gas, telecommunications, water and wastewater, and drainage infrastructure, and solid waste collection and removal by private and public entities."

Plaintiffs' job descriptions require them to respond to water emergencies, service lines, repair breakdowns of various water operations systems, inspect water and sewer mains, and ensure general safety compliance. These responsibilities cannot be completed without Plaintiffs' engagement with the general public, members of outside organizations, and their coworkers, often in close proximity, using shared tools, for prolonged periods of interaction.

Additionally, due to limited personnel with the requisite qualifications to carry out these duties, should one or more workers be absent due to COVID-19 or another basis, replacements are not immediately available. DC Water's Vaccination Policy was developed to combat the risk of

---

[3] <u>Interim List of Categories of Essential Workers Mapped to Standardized Industry Codes and Titles</u>, The Centers for Disease Control and Prevention (last reviewed March 29, 2021), https://www.cdc.gov/vaccines/covid-19/categories-essential-workers.html.

infection amongst its workers and to ensure the stability and continued performance of critical infrastructure services and functions. The U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency deemed the Water and Wastewater Systems Sector, one of sixteen "critical infrastructure sectors whose assets, systems, and networks, whether physical or virtual, are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, national economic security, national public health or safety, or any combination thereof."[4] The risks inherent in the work of DC Water employees is unavoidable. Thus, there is a clear and imminent danger of spread of COIVD-19 in these settings.

## CONCLUSION

For the foregoing reasons, Defendant DC Water respectfully requests Plaintiffs' Motion For Preliminary Injunction be denied in its entirety.

Dated: this 25th day of March, 2022           Respectfully submitted,

By: /s/ Jacquelyn L. Thompson
Jacquelyn L. Thompson
D.C. Bar No. 988663

FORDHARRISON LLP
1300 19th Street, N.W., Suite 420
Washington, DC 20036
Telephone: (202) 719-2000
Facsimile: (202) 719-2077
E-mail: jthompson@fordharrison.com

*Counsel for Defendant District of Columbia Water and Sewer Authority*

---

[4] <u>Identifying Critical Infrastructure During COVID-19</u>, U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency, (last visited March 23, 2022), https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25th day of March, 2022, I caused the foregoing DEFENDANT DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTION to be filed with the Court using the Court's CM/ECF electronic filing system, which system will then send electronic notification of the filing to the following counsel of record:

    Barbara B. Hutchinson
    1325 G Street, N.W., Suite 500
    Washington, DC 20005
    Email: bbhattync@gmail.com

    *Counsel For Plaintiffs*

    */s/ Jacquelyn L. Thompson*
    Jacquelyn L. Thompson

WSACTIVELLP:12999178.1